MEMORANDUM **
Moundhir Yousif Younis, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Lopez v. Ashcroft, 366 F.3d 799, 802 (9th Cir.2004), we grant the petition for review.
*492 The IJ found Younis, a Chaldean Christian, had established past persecution but, upon remand from the BIA, concluded that the government had met the heightened standard required to rebut Younis’s well-founded fear of future persecution. The BIA agreed with the IJ that ‘Younis failed to establish he will be persecuted and/or tortured upon return to Iraq in light of changed country conditions in his native country.”[1]
The agency’s conclusion is not supported by substantial evidence. See Mousa v. Mukasey, 530 F.3d 1025, 1029-30 (9th Cir.2008). When the petitioner has established past persecution, our case law requires that the agency “provide an individualized analysis of how changed conditions will affect the specific petitioner’s situation,” Lopez, 366 F.3d at 805 (citation omitted), and “ ‘[information about general changes in the country is not sufficient.’” Rios v. Ashcroft, 287 F.3d 895, 901 (9th Cir.2002) (citation omitted). Here, the government’s evidence consisted of newspaper articles and United States government press releases addressing general governmental changes in Iraq in 2004. None of the articles specifically discusses the potential effects of the American invasion on the persecution of Chaldean Christians. Younis, on the contrary, submitted multiple articles reporting on continued persecution of Iraqi Chaldeans Christians. This record did not provide the IJ or the BIA with the evidence necessary to determine how the changes in Iraq would eliminate Younis’s fear of future persecution as a Chaldean Christian. See Hanna v. Keisler, 506 F.3d 933, 938-40 (9th Cir.2007); see also Mousa, 530 F.3d at 1030. Therefore, substantial evidence does not support the agency’s finding of changed circumstances rebutting the presumption of a well-founded fear of future persecution. See Hanna, 506 F.3d at 939.
Younis also argued his eligibility for relief on humanitarian asylum grounds to the BIA. The BIA erred by failing to address this argument. See Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005).
We grant the petition as to petitioner’s asylum and withholding claims and remand this case to the BIA for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum, and for an appropriate order withholding removal of petitioner. See id.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The BIA did not adopt or affirm the IJ's conclusion regarding relocation, so we do not address that claim.